**JIAN HUA CHEN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 09–2385.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 19, 2009.

Opinion filed: Dec. 14, 2009.

Henry Zhang, Esq., Zhang & Associates, New York, NY, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Glen T. Jaeger, Esq., Jeffrey L. Menkin, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Jian Chen petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. The Government has moved to summarily affirm the BIA's decision. For the reasons that follow, we will grant the motion and deny Chen's petition.

I.

In May 2007, Chen, a native and citizen of the People's Republic of China, entered the United States without inspection or valid entry documents. The Department of Homeland Security subsequently initiated removal proceedings against him, and he applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In support of his application, he claimed that family planning officials in China had forced his wife to have an IUD inserted and undergo an abortion, and that he feared returning to China because he had left the country illegally.

In July 2008, after a hearing on the merits, the Immigration Judge ("IJ") denied Chen's application. Although finding Chen's testimony credible, the IJ concluded that the alleged persecution against Chen's wife—who still lived in China—was insufficient to establish a claim for Chen himself. The IJ also rejected Chen's claim that he would be persecuted for departing China illegally, concluding that "[t]here was no corroborating documents to document these types of problems in the record." (IJ Opinion at 4.) Finally, the IJ concluded that Chen failed to show that he was entitled to CAT relief.

On appeal, the BIA held that Chen "cannot establish eligibility for asylum or withholding of removal due to the claimed treatment of his spouse in connection with violation of the family planning policy law in China," nor had he "submitted any evidence regarding 'other resistance' to a coercive population control program" or otherwise demonstrated a well-founded fear of future persecution. (BIA Opinion at 1.) The BIA further held that Chen had failed to establish a claim for relief under the CAT.

Chen timely petitioned this Court to review the BIA's decision. He also filed a

motion for a stay of removal, which we denied because he did not show a likelihood of success on the merits of his petition. The Government has since moved to summarily affirm the BIA's decision.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review the BIA's denial of asylum, withholding of removal, and CAT relief for substantial evidence.[1] *See Ahmed v. Ashcroft,* 341 F.3d 214, 216 (3d Cir.2003); *Zubeda v. Ashcroft,* 333 F.3d 463, 471 (3d Cir.2003). Under this deferential standard of review, we must uphold the BIA's findings "unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft,* 242 F.3d 477, 483–84 (3d Cir.2001).

As noted by the BIA, the spouses of individuals subjected to coercive population control policies are not automatically eligible for asylum or withholding of removal. *See Lin–Zheng v. Att'y Gen. of the U.S.,* 557 F.3d 147, 148–49 (3d Cir.2009) (en banc). Although spouses remain eligible for such relief if they can establish their own persecution—for instance, by showing that they have been persecuted because they have resisted a coercive population control policy, *id.* at 157—the evidence in this case does not compel such a finding. Nor does the record here suggest, let alone compel, a finding that Chen would be persecuted for having left China

illegally.[2] His CAT claims lack merit as well.

Because Chen's petition for review does not raise a substantial question, we will grant the Government's motion for summary affirmance and deny Chen's petition. *See* 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

1. Although the Government appears to suggest otherwise, Chen has not waived his right to challenge the denial of his claim concerning his wife's forced IUD insertion and abortion.

2. The U.S. State Department's 2007 Profile of Asylum Claims and Country Conditions ("Profile"), which is part of the record in this case, states that:

> The Chinese government accepts the repatriation of citizens who have entered other countries or territories illegally. In the past several years, hundreds of Chinese illegal immigrants have been returned from the United States, and U.S. Embassy officials have been in contact with scores of them. In most cases, returnees are detained long enough once reaching China for relatives to arrange their travel home. Fines are rare. U.S. officials in China have not confirmed any cases of abuse of persons returned to China from the United States for illegal entry.

(Profile at 31.)